1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   R.F.G.Z.,                              No.  1:25-cv-01995-KES-EPG (HC)

12                  Petitioner,
                                            **ORDER GRANTING MOTION FOR**
13          v.                              **PRELIMINARY INJUNCTION**

14   MINGA WOFFORD, Mesa Verde ICE          Doc. 2
     Processing Center Facility Administrator;
15   SERGIO ALBARRAN, Acting Field Office
     Director of the San Francisco Immigration
16   and Customs Enforcement Office; TODD
     M. LYONS, Acting Director of United
17   States Immigration and Customs
     Enforcement; KRISTI NOEM, Secretary of
18   the United States Department of Homeland
     Security; PAMELA BONDI, Attorney
19   General of the United States,

20                  Respondents.

21

22          This habeas action concerns the re-detention of petitioner R.F.G.Z., a noncitizen who was

23   detained and released in 2022 but was recently re-detained.[1]  This matter is before the Court on

24   petitioner's motion for temporary restraining order.  Doc. 2.  For the reasons explained below,

25   petitioner's motion for temporary restraining order, which the Court converts to a motion for

26   preliminary injunction, is granted.

27   _____

28   [1] Petitioner's motion to proceed via pseudonym was granted by separate order.

                                            1

**BACKGROUND**

Petitioner R.F.G.Z. is a noncitizen who entered the United States in September 2022 without inspection.  Doc. 2-2, R.F.G.Z. Decl. at ¶ 2.  Immigration authorities initially detained him after his entry, but they released him on September 29, 2022, on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  *Id.* ¶ 3; Doc. 12, Ex. 2.  Immigration officials may parole a noncitizen pursuant to 8 U.S.C. § 1182(d)(5)(A) "for 'urgent humanitarian reasons' or 'significant public benefit,' provided the [noncitizen] present[s] neither a security risk nor risk of absconding."  8 C.F.R. § 212.5(b) (quoting 8 U.S.C. § 1182(d)(5)(A)).  "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."  *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

Following his release, petitioner reported to an ICE office in Stockton, California as instructed, and ICE agents installed an application on his phone and told him that he would be required to report for check-ins on the phone application by taking a photo of himself and verifying his location.  Doc. 2-2, R.F.G.Z. Decl. at ¶ 3.  Petitioner thereafter lived with his partner in Stockton, California.  Doc. 1 at ¶ 26.  After petitioner was granted work authorization, he worked at a meat processing plant to provide for himself and his partner, and for his eight-year-old son who lives in Nicaragua.  *Id.* ¶¶ 6–7.  Petitioner was served on March 22, 2023 with a notice to appear for removal proceedings.  Doc. 12, Ex. 1.  He sought relief in his removal proceedings by filing an application for asylum, which remains pending.  Doc. 1 at ¶ 33.

Respondents do not dispute petitioner's assertion that he has maintained a clean criminal record.  Doc. 2-2, R.F.G.Z. Decl. at ¶ 6; *see* Doc. 11.  Respondents also do not dispute petitioner's assertion that, with two exceptions, he complied with the requirements of his release.  *See* Doc. 2-2, R.F.G.Z. Decl. at ¶¶ 4–5; *see* Doc. 11.  First, in early 2024, petitioner lost his phone and was unable to complete one required check-in.  Doc. 2-2, R.F.G.Z. Decl. at ¶ 5.  He informed ICE of what had happened and an ICE agent told him that everything was okay.  *Id.* ¶¶ 5, 8.  Second, on September 20, 2025, petitioner checked in on the phone application while at work, instead of at home.  *Id.*  Petitioner maintains that he asked his assigned ICE agent if he could

2

1    upload the pictures at work, rather than at home, and the ICE agent told him he could do so.  *Id.*

2    ¶¶ 5, 8.

3        Four days later, ICE called petitioner and instructed him to report for an in-person

4    appointment on September 25, 2025.  Doc. 1 at ¶ 32.  When petitioner reported as instructed, ICE

5    agents arrested him.  *Id.*  Petitioner is now detained at Mesa Verde ICE Processing Center.  *Id.*

6        On December 23, 2025, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a

7    motion for temporary restraining order, Doc. 2, arguing that his re-detention without a pre-

8    deprivation bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court

9    ordered respondents to show cause why the Court should not grant the motion for temporary

10   restraining order.  Doc. 7.  The Court directed respondents to address whether there were any

11   factual or legal issues in this case substantively distinguishing it from the Court's prior order

12   in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal.

13   Nov. 10, 2025).  Doc. 7.  Respondents filed a response to the order to show cause on January 5,

14   2026.[2]  Doc. 8.  Respondents confirm that they "reviewed *Ramazan M. v. Andrews,* No. 1:25-cv-

15   01356-KES-SKO (HC), 2025 WL 3145561 (E.D. Cal. Nov. 10, 2025) and indicate[] that there are

16   no factual or legal issues in this case that render it distinct from that case."  Doc. 11 at 1.[3]

17                          **CONVERSION OF THE MOTION**

18       The Court directed respondents to state their position on whether the motion for temporary

19   restraining order should be converted to a motion for preliminary injunction and whether they

20   requested a hearing on the motion.  Doc. 7.  Respondents do not object to converting the motion

21

22   [2] In their opposition, respondents request that the Court "strike and [ ] dismiss all unlawfully
     named officials under § 2241." Doc. 11 at 1, n.1. Such a "request for court order must be made by

23   motion." *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6,
     2025). "[A] request for affirmative relief is not proper when raised for the first time in an

24   opposition." *Id.* Respondents' request is therefore denied without prejudice.

25   [3] The Court also directed respondents to file various documents from petitioner's A-file.  Doc. 7.

26   Respondents filed those documents and requested that the Court take judicial notice of them.
     Doc. 12.  Respondents' request for judicial notice is granted.  *See Guzman Salguero v. Nielsen*,

27   No. LACV1703883VAPJEMX, 2018 WL 6930775, at *1 n.4 (C.D. Cal. Jan. 10, 2018) (taking
     judicial notice pursuant to Federal Rule of Evidence 201(b) of documents in a noncitizen's A-

28   file), *aff'd*, 776 F. App'x 956 (9th Cir. 2019).

and do not request a hearing. *See* Doc. 11 at 1–2.[4]  Given that the standard for issuing a temporary restraining order or a preliminary injunction is substantially the same, *see Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), and respondents had notice and opportunity to respond in opposition, *see* Docs. 11, petitioner's motion is converted to a motion for preliminary injunction.

## **LEGAL STANDARD**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)).  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## **DISCUSSION**

As noted in the Court's order to show cause, this Court has previously addressed the legal issues raised by petitioner's claim in cases such as *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).  Respondents note in their response to the order to show cause that the present case is not substantively distinguishable from that case, and respondents do not identify any distinguishing facts or legal arguments for the Court to address.  *See* Doc. 11.

For the reasons stated in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the Court finds that petitioner is likely to succeed

---

[4] Respondents also request that their opposition serve as their response to the petition for writ of habeas corpus.  Doc. 11 at 2.

on his claim that his re-detention, without a pre-deprivation bond hearing at which the government must prove that he is a flight risk or danger to the community, violates his due process rights; that he will face irreparable harm in the absence of a preliminary injunction; and that the balance of equities and public interest weigh in his favor.

### ORDER

Accordingly, petitioner's motion for a preliminary injunction, Doc. 2, is GRANTED. Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one.  *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

This matter is referred to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated:   January 6, 2026

_____
UNITED STATES DISTRICT JUDGE